**Kathleen SNYDER, Plaintiff,**

v.

**Michelle FLEMING, Sheriff's Office of Pike County, Harry Geiger, Sheriff, His Employees, Agents and Representatives, Defendants.**

**No. 3:98–CV–450.**

United States District Court,
M.D. Pennsylvania.

March 22, 2000.

---

Marshall E Anders, Stroudsburg, PA, for Kathleen Snyder, plaintiff.

John T. Stieh, Levy, Stieh & Gniewek, Milford, PA, for Michelle Fleming, defendant.

Harry Thomas Coleman, Abrahamsen, Moran & Conaboy, P.C., Scranton, PA, Edward A. Monsky, Fine Wyatt & Carey, Scranton, PA, Harry T. Coleman, Scranton, PA, for Sheriff's Office of Pike County, defendant.

Edward A. Monsky, Fine Wyatt & Carey, Scranton, PA, Harry T. Coleman, Scranton, PA, for Harry Geiger, Sheriff, His employees, agents and representatives, defendants.

Cody H. Brooks, Kreder, Brooks, Hailstone & Ludwig, Scranton, PA, for Mediator, mediator.

## MEMORANDUM

MUNLEY, District Judge.

Before the court for disposition is the motion for summary judgment filed by Defendant Michelle Fleming and the motion for summary judgment filed by Defendant Sheriff Harry Geiger and the Sheriff's Office of Pike County. The parties in this action are the plaintiff, Kathleen Snyder and the defendants, Michelle Fleming, the Sheriff's Office of Pike County, Sheriff Harry Geiger, and his employees, agents and representatives.[1] For the following reasons, the Sheriff's Office of Pike County's motion for summary judgment will be granted in part and denied in part, and Michelle Fleming's motion for summary judgment will be granted as to all claims.

### Background

This case arises out of a dispute over the execution of a judgment. Plaintiff, Kathleen Snyder, was in the process of remodeling and furnishing a building for purposes of operating an Italian restaurant known as "C.J.'s Pizza and Restaurant" in Shohola, Pennsylvania at the time of the

---

1. Hereinafter, this motion will be referred to as the motion for summary judgment by the Defendant, Pike County Sheriff's Office. The motion actually was filed by the Sheriff's Office of Pike County, Sheriff Harry Geiger, and his employees, agents, and representatives.

incident in question. Complaint, ¶ 11. Peter Ferrante also worked at the Plaintiff's restaurant.[2] The Defendant, Michelle Fleming, owns or owned certain property in Pike County which she leased to Peter Ferrante for purposes of operating a pizza parlor/restaurant.

Defendant Fleming sued Ferrante and obtained a judgment and order of eviction. Complaint, ¶ 9. On August 20, 1997, Defendant Fleming sought to execute on the judgment entered in her favor and against Ferrante. On August 25, 1997, a representative of the Pike County Sheriff went to C.J's Restaurant, the property owned by the plaintiff, for the purpose of levying on the personal property. The plaintiff alleges that Defendant Fleming had previously told the Sheriff's Office that the equipment located at that restaurant was owned by Ferrante. Affidavit of Kathleen Snyder, (hereinafter referred to as "Aff. K. Snyder") ¶ 5.

When the Sheriff's Office representatives arrived for the property, the plaintiff advised the representatives that she, and not Ferrante, owned the equipment, furniture, etc., that was being used in the pizzeria and she refused them access. On August 27, 1997, the representatives of the Sheriff's Office returned to the pizzeria, based on an *ex parte* order of court, and seized the equipment that was located there. At that time, the plaintiff reiterated to the Sheriff's representatives, including Sergeant Bowden, that Ferrante did not own the equipment that was being taken. The plaintiff alleges that Defendant Fleming also appeared on that day with moving vehicles. Aff. K. Snyder, ¶ 9.

On that same date, Sergeant Bowden allegedly told the plaintiff that if the property was hers, she could file an Interpleader, and that there would be a hearing by the Sheriff to determine who owned the items. *Id.* at ¶ 10. He also told her that unless she posted money to secure the payment of the judgment that the property would be seized. *Id.*

The plaintiff then spoke to an attorney regarding the situation, and the attorney asked the Sergeant whether the money posted to secure the payment of the judgment could be disbursed before the hearing. Sergeant Bowden allegedly told the attorney that the money would be held and not disbursed. Aff. Holly B. Conway, ¶ 5. The plaintiff alleges that based upon the advice of Sergeant Bowden, she posted the $5,324.65 in order to secure payment of the judgment and prevent seizure of the equipment.

The plaintiff then attempted to file a property claim with the Sheriff's Office that she alleged would evidence her ownership of the property. The plaintiff attempted to deliver the claim to the Sheriff's Office, but they refused to accept it, advising her that the funds that had been posted had been distributed to Defendant Fleming to pay the judgment. Aff. Snyder, ¶ 14. The plaintiff was informed that the file had been closed.

At that point, the plaintiff contacted her attorney who spoke to the Sheriff's Office regarding the situation. The attorney was told that he should contact the Sheriff's Solicitor. Aff. Gregor, ¶ 11. The Solicitor stated on September 4, 1997 that unless a court order was issued preventing the disbursement by the close of business on September 5, 1997, he would direct the Sheriff to distribute the funds. *Id.* at ¶ 12. The plaintiff's attorney was unable to obtain such an order by the end of business on September 5, 1997.

Based on the above facts, the plaintiff filed a complaint alleging that the defendants violated her civil rights. On August 26, 1999, the Defendant Sheriff's Office of Pike County, filed a motion for summary judgment and on August 31, 1999, Defendant Fleming filed a motion for summary judgment, which brings this case to its present posture.

---

**2.** Peter Ferrante was living with Plaintiff Snyder at the time of this incident.

## Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". *Knabe v. Boury*, 114 F.3d 407, 410 n. 4 (3d Cir.1997) (*citing* Fed.R.Civ.P. 56(c)). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–8, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946, 949 (3d Cir.1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material when it might affect the outcome of the suit under the governing law. *Id.* Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. *Id.* at 324, 106 S.Ct. 2548.

## Discussion

In the instant case, all of the defendants claim that summary judgment is appropriate in their favor. After a careful review of the issues, we find that summary judgment is appropriate as to the claims against Defendant Michelle Fleming and the Section 1985 claim against the Defendant, Pike County Sheriff's Office. We will address each motion for summary judgment separately.

### A. Defendant, Sheriff's Office of Pike County's Motion for Summary Judgment

The motion for summary judgment filed by the Sheriff's Office of Pike County alleges that summary judgment is appropriate for the following reasons: First, that the Pike County Sheriff is cloaked with judicial immunity, and a claim under 42 U.S.C. § 1983 therefore cannot be supported; second, since the plaintiff fails to state a factually supported claim under 42 U.S.C. § 1985, that claim must be dismissed; and third, that summary judgment is also appropriate as to the assertion by the plaintiff of a conspiracy between Defendant Fleming and the Sheriff's Office.

The Pike County Sheriff's Office claims that it is entitled to summary judgment on the Section 1983 claim, because it is entitled to the defense of judicial immunity. The defendants cite *Waits v. McGowan, et al.*, which states that judicial immunity extends to police officers engaged in ministerial functions under the court's direction. *Waits v. McGowan*, 516 F.2d 203, 206 (3d Cir.1975).

■ We agree with the defendants that the action by the Pike County Sheriff's Office, when it seized the property in order to satisfy the judgment, was a ministerial act. The Sheriff's Office was merely carrying out the duty given to it by the courts, when it seized the property located at the plaintiff's restaurant. Other Pennsylvania district courts have found that

when a Sheriff executes a writ in connection with an eminent domain proceeding that he is acting at the direction of the court. *Gigliotti v. Redevelopment Authority of City of New Castle*, 362 F.Supp. 764, 766 (W.D.Pa.1973); *see also Lockhart v. Hoenstine*, 411 F.2d 455 (3d Cir.1969). In the instant case, the plaintiff even concedes that the act of seizing the property from the plaintiff's restaurant was a ministerial act. Supplemental Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment (hereinafter "Supp.Memo.") at p. 4.

The plaintiff, however, alleges that it was the later actions taken by the Sheriff's Office that would be classified as discretionary acts and not ministerial duties. The plaintiff alleges that at the time of the levy, Sergeant Bowden advised both the plaintiff and her attorney of the plaintiff's right to file an interpleader, since the plaintiff was claiming that the property that had been seized was not that of the judgment creditor, Ferrante. Aff. Conway, ¶ 5. The plaintiff alleges that she delivered the money to Sergeant Bowden based on assurances of the Sheriff's Office that the money would be held and not distributed pending the property claim determination. Aff. Conway, ¶ 5, 6, Aff. K. Snyder ¶ 12.

In addition, the plaintiff claims that when she gave the money to the Sheriff's Office, there was nothing that mandated that the office pay off the judgment. Rather, the plaintiff alleges that the office had two choices. It could either apply the funds to satisfy the levy, in which case the funds would replace the personal property that had been levied upon, or it could apply the funds paid by the plaintiff to satisfy the judgment. Therefore, the plaintiff alleges that in the instant case, the decisions made by the Sheriff's Office were not ministerial acts, as they were acts taken on their own discretion and not by order of the court.

██ If all the actions taken by the Sheriff's Office were the result of direct direction from a judge, then the Sheriff's

Office would be protected by immunity. *See Gigliotti*, 362 F.Supp. at 766. However, in the present case, the plaintiff has presented evidence that the Sheriff's Office's actions were more than ministerial functions, as the Sheriff's Office gave assurances to the plaintiff that the money that she paid to the office would be held and not distributed pending the property claim determination. In addition, the Sheriff's Office's decision to pay off the judgment was a discretionary act that was not due to an order or directive of the court.

Third Circuit courts have held that when deciding whether to apply immunity, that a sheriff is only covered by judicial immunity when the action is under direct judicial supervision. *See Hazo v. Geltz*, 537 F.2d 747 (3d Cir.1976); *see also Raitport v. Provident National Bank*, 451 F.Supp. 522 (E.D.Pa.1978). In *Hazo*, the circuit court reversed the dismissal of a case where the plaintiff alleged in part, that she had been wrongfully denied the opportunity to bid on her property when following a default judgment, her personal property was offered at a sheriff's sale. *Hazo*, 537 F.2d at 748. In that case, the deputy sheriff refused to accept a check from Halo, preventing her from bidding on the property, while in the present case the Sheriff's Office allegedly gave assurances that the money paid by the plaintiff would not be disbursed, when at a later time, the office made the decision to disburse the money. *Id.*

We find that the record in the instant case, when viewed in the light most favorable to the plaintiff, contains questions of material fact, including the following: 1) What, if any, advice did the Sheriff's Office give to the plaintiff that the money submitted by her would not be disbursed until a hearing was held regarding the property?; 2) What, if any, assurances did the Sheriff's Office give the plaintiff regarding the disbursement of the money?; and 3) Did the Sheriff's Office actually have a choice as to whether it could satisfy the judgment

or satisfy the levy at the time that the plaintiff submitted the money? As a result, we cannot grant summary judgment on the Section 1983 claim.

The defendants also claim that summary judgment is appropriate as to the plaintiff's assertion that Defendant Fleming conspired with the Sheriff's Office. The defendants rest their claim on two grounds: first, that the Sheriff's Office is immune from liability; and second, that the allegation of conspiracy is factually unsupportable. Although the plaintiffs do not specifically state it in their complaint, this conspiracy claim would likely be brought under 42 U.S.C. § 1985.

■ Although the defendants have briefed this Section 1985 claim, we find no evidence of such a claim in the plaintiff's complaint. In their brief supporting their motion for summary judgment, the defendants contend that there is no basis for a Section 1985 claim, as there is no class-based animus. Plaintiff has not briefed the issue of whether she has properly pled such a claim. Therefore, we will assume that she is not pursuing this claim and it will be dismissed. *See* Local Rule 7.6 (Any party who does not file a brief in opposition to a motion shall be deemed not to oppose such motion).

In addition, we find that the plaintiff has not sufficiently demonstrated that there is a genuine issue of material fact as to whether Defendant Fleming and the Sheriff's Office had an understanding, agreement, or conspiracy to deprive her of any right. Being that the plaintiff only alleges a conspiracy claim in Count III of the complaint against Defendant Fleming, we shall only address this conspiracy claim in the discussion regarding Defendant Fleming's motion for summary judgment.

We will grant the motion for summary judgment filed by the Defendant, Sheriff's Office of Pike County, regarding any Section 1985 claim and will deny the motion with regard to the Section 1983 claim.

**B. Defendant Michelle Fleming's Motion for Summary Judgment**

The motion for summary judgment filed by Defendant Fleming alleges that the plaintiffs have not provided sufficient evidence against her. It also alleges therefore, that no triable issue of fact exists and that she is entitled to judgment as a matter of law. We agree with Defendant Fleming and will grant summary judgment to the claims brought against her.

■ In order to state a Section 1983 action, a plaintiff must establish that the defendants acted under the color of state law. The plaintiff claims in this case that Defendant Fleming conspired with the Sheriff's Office in order to have the plaintiff's property seized and to prevent the plaintiff from recovering such property after the initial seizure. If the plaintiff had demonstrated that there was a conspiracy with the Sheriff's Office, that might have sufficed to establish state action, which would permit a Section 1983 action. However, the plaintiff has failed to make a sufficient showing of an agreement between Defendant Fleming and the Sheriff's Office to deprive the plaintiff of her property. In *Drum v. Nasuti*, the court granted summary judgment in favor of three private attorneys and three federal attorneys who allegedly violated Section 1983 by conspiring to interfere with a plea agreement in a criminal case, because the plaintiff failed to demonstrate an agreement between the private defendant and the state official to deprive the plaintiff of a federal right. *Edwards v. City of Philadelphia*, 1989 WL 86949, at *2 (E.D.Pa.) (citing *Drum v. Nasuti*, 648 F.Supp. 888 (E.D.Pa.1986) *aff'd* 831 F.2d 286 (3d Cir. 1987)). As was the case in *Drum v. Nasuti*, the plaintiffs in the present case have failed to demonstrate that any sort of agreement existed between Defendant Fleming and the Sheriff's Office.

The plaintiff is required to provide evidence so as to demonstrate that there is a genuine issue of material fact that there existed between Defendant Fleming and

the Sheriff's Office an understanding, agreement, or conspiracy to deprive the plaintiff of a federal right. There must "be a genuine factual issue that the defendants plotted, planned, or conspired together to carry out the chain of events. . . . Plaintiff cannot expect to rely upon bare assertion, conclusory allegations, or suspicions regarding the conspiracy, to resist defendant's summary judgment motion." *Drum,* 648 F.Supp. at 897.

In the instant case, the plaintiffs have alleged nothing more than conclusory allegations and suspicions. Defendant Fleming merely informed the Sheriff's Office that she believed the equipment located at C.J.'s Pizzeria was Ferrate's. The plaintiff did nothing to prevent the plaintiff from regaining her property. Plaintiff Snyder has provided no evidence whatsoever to indicate that Defendant Fleming prevented or interfered with the plaintiff filing any claim for the property. The fact that both Defendant Fleming and the Plaintiff were both restaurant owners is not relevant unless there is sufficient evidence of some sort of agreement between Defendant Fleming and the Sheriff's Office. In the instant case, no such evidence has been presented.

Additionally, in their Memorandum of Law in Opposition to Defendant Michelle Fleming's Motion for Summary Judgment, the defendants state that "Discovery will also probably ferret out that she [Defendant Fleming] had some involvement in the quick disbursement from the Sheriff's Office . . ." Memorandum in Opposition to Defendant Michelle Fleming's Motion for Summary Judgment, at p. 8. At this point in the case, the plaintiff should have finished all of the discovery needed to challenge the defendants' motions. A plaintiff cannot oppose a summary judgment motion with evidence that it does not possess. We find that there is no evidence of any contact at all between the Pike County Sheriff's Office and Michelle Fleming other than the contact that took place at the immediate time of the levy at issue. For the aforementioned reasons, the Section 1983 claim against Michelle Fleming will be dismissed.

Any Section 1985 claim that may have been asserted by the plaintiff, should be dismissed as well. In response to the motion for summary judgment, the plaintiff has not presented sufficient evidence to support a Section 1985 claim and in fact, did not even mention any Section 1985 claim in her brief. In addition, as mentioned above there is no evidence of any sort of conspiracy between Defendant Fleming and the Sheriff's Office.

Having reviewed all of the evidence submitted by the plaintiff in opposition to this motion for summary judgment, it is apparent that there is no substantial issue of material fact and that Defendant Fleming's motion for summary judgment should be granted as the plaintiff has failed to set forth a claim cognizable under either Section 1983 or 1985 and has failed to show that any conspiracy existed between Defendant Fleming and the Pike County Sheriff's Office.

**Conclusion**

For all of the above-mentioned reasons, the motion for summary judgment by the Defendant, Sheriff's Office of Pike County, will be granted as to the Section 1985 claim, but denied as to the Section 1983 claim. The motion for summary judgment by Defendant Michelle Fleming will be granted as to all claims. An appropriate order follows.

*ORDER*

**AND NOW,** to wit, this 22nd day of March 2000, it is hereby **ORDERED** that:

1.  The motion for summary judgment filed by Defendant Sheriff Harry Geiger, his employees, agents, representatives, and the Sheriff's Office of Pike County, [47–1] is **GRANTED** as to the Section 1985 claim, but is **DENIED** as to the Section 1983 claim; and

2. The motion for summary judgment filed by Defendant Michelle Fleming [50–1] is **GRANTED.**